OPINION
{¶ 1} The issue in this appeal is whether an insured, by assigning toa lienholder the right to have the proceeds of the property loss coverageher automobile insurance policy provides, thereby imposed on the insurera duty to notify the lienholder of the insurer's intent to cancel thepolicy for the insured's non-payment of premiums. We find that on thisrecord no such duty was created and imposed. Therefore, we will reverse asummary judgment for the lienholder that the trial court granted, fromwhich this appeal is taken.
 {¶ 2} In February of 1998, Countywide Federal Credit Union("Countywide") loaned Cheryl Turner funds to purchase a new automobile.Countywide acquired a security interest in the automobile from Turner. Asa condition of the loan, Turner agreed to obtain a policy of automobileinsurance providing property loss coverage, the proceeds of which wouldbe paid to Countywide by the insurer to satisfy the balance dueCountywide on its loan should Turner's automobile be damaged beyondrepair.
 {¶ 3} On May 13, 1998, Turner obtained the required coverage from SafeAuto Insurance Co. ("Safe Auto"). However, Turner failed to pay thenecessary premium. Safe Auto notified Turner that it would cancel thepolicy unless she paid the premium. Turner failed to do so, and Safe Autocanceled the policy on June 13, 1998. Four days later, on June 17, SafeAuto notified Countywide that Turner's policy had been canceled. OnJanuary 15, 1999, Turner's vehicle was destroyed in an accident. Itappears that Turner had not obtained other property loss coverage.
 {¶ 4} Countywide commenced the action below on May 16, 2001, seekingto recover the proceeds of the property loss coverage from Safe Auto thatits contract with Turner had provided. Countywide asserted that SafeAuto's cancellation was ineffective as to Countywide because Safe Autodid not provide Countywide prior notice of its intent to cancel Turner'spolicy. Such notice would, according to Countywide, have allowed it toprotect its interests by paying the required premium.
 {¶ 5} After responsive pleadings were filed, Countywide and Safe Autoeach filed motions for summary judgment. The trial court denied SafeAuto's motion. The court granted Countywide's motion, finding that inthis circumstance "[i]t would be `sensible and reasonable' to expect SafeAuto to notify the lienholder of the cancellation of insurance."(Judgment entry, p. 5). Safe Auto filed a timely notice of appeal.
 {¶ 6} Safe Auto argues that the trial court erred when it found thatSafe Auto had a duty to provide Countywide prior notice of Safe Auto'sintent to cancel Turner's policy, such that Safe Auto's failure toprovide that notice now requires Safe Auto to pay Countywide the propertyloss proceeds Safe Auto's policy would have provided to Countywide had itbeen in effect when Turner's auto was damaged beyond repair.
 {¶ 7} R.C. 3937.32 provides that "[n]o cancellation of an automobileinsurance policy is effective, unless when it is pursuant to a writtennotice to the insured of cancellation." Paragraph (E) of that sectionprovides that "[w]here cancellation is for nonpayment of premium (,) atleast ten days notice from the date of mailing of cancellationaccompanied by the reason therefore (sic) shall be given."
 {¶ 8} The trial court found, correctly, that R.C. 3937.32 imposed noduty on Safe Auto to provide Countywide prior notice of its intention tocancel the policy Safe Auto had issued to Turner. The requirements thatsection imposes are confined to notice which must be sent to theinsured, Turner, not to a third party such as a lienholder.
 {¶ 9} The only other possible source of any duty that Safe Auto mayhave had to provide the benefit of prior notice of cancellation toCountywide is the insurance contract between Turner and Safe Auto.Because Countywide was not a party to that agreement, Countywide's claimfor relief is necessarily that of a third-party beneficiary to theinsurance contract. In order for Countywide to prevail on its claim,there must be evidence that the promisee, Turner, on her part intended todirectly benefit Countywide on a duty that Turner owed Countywide.Trinova Corporation v. Pilkington Brothers P.L.C. (1994),70 Ohio St.3d 271. Then, the promisor, Safe Auto, is presumed to haveagreed to be bound by a promise implicit in its agreement with thepromisee to provide that benefit to the third party.
 {¶ 10} It is undisputed that Countywide is identified on theDeclarations Page of the Safe Auto policy as a lienholder entitled to theproceeds of the policy's property loss coverage in the event Turner's autois damaged beyond repair. It is also undisputed that, consistent withR.C. 3937.32, the express terms of the policy require Safe Auto toprovide prior notice of cancellation to Turner. The issue is whether, incombination, these provisions likewise required Safe Auto to provideCountywide prior notice of cancellation.
 {¶ 11} In finding that it would be "sensible and reasonable" for SafeAuto to have provided prior notice of cancellation to Countywide, thetrial court referred to several provisions in the Safe Auto policyextending liability coverage, and applied the rule that with respect toquestions of coverage ambiguities must be construed strictly against theinsurer and liberally in favor of the insured. King v. Nationwide Ins.Co. (1988), 35 Ohio St.3d 408. The thrust of that rule runs counter tothe more specific evidentiary requirements of the promisee's "direct"intent required to prove third party beneficiary claims as set out inTrinova, and is inapplicable here for two further reasons.
 {¶ 12} First, Countywide is not an insured, and the benefits of therule of King v. Nationwide flow only in favor of insureds. See WestfieldIns. Co. v. Galatis, 100 Ohio St.3d 216, 2003-Ohio-5849. It does notapply to the rights of coverage a policy confers on incidentalbeneficiaries. Id.
 {¶ 13} Second, Countywide's claim against Safe Auto is not grounded ona right to coverage. Rather, it is grounded on a right to have theproceeds of property loss coverage due Turner under the Safe Auto policy.That right, if it exists, necessarily derives from the assignment forCountywide's benefit that Turner created when she entered into hercontract with Safe Auto.
 {¶ 14} The Safe Auto policy provides that the benefits conferred on alienholder "are limited to and may not exceed those benefits and/orrights to which the named insured is entitled." (p. 23). Countywideargues that this provision extends to it the right of prior notice ofcancellation the policy confers on Turner. We do not agree. The provisionconfers no substantive right. It merely limits rights otherwise conferredon lienholders. Unless the policy by its terms confers a right of noticeon Countywide, it has none merely because the policy confers the right onTurner.
 {¶ 15} Countywide argues that because the policy provides that priornotice of cancellation will be sent to "you," and further specifies that"you" means the named insured and other "individuals" who are identifiedon the policy's Declarations Page, the fact that Countywide is thereidentified as the lienholder brings Countywide within the policy's noticerequirement. The trial court essentially adopted this argument, relyingon the rule of construction in King v. Nationwide Ins. Co. to find thatthe requirement exists.
 {¶ 16} The term "you" as it is used on the declarations page refers topersons who are entitled to coverage and, at least as to thepolicyholder, who are entitled to prior notice of cancellation. The defectin Countywide's contention, as we have said, is that the rule of Kingapplies to coverage disputes. Here, Countywide claims as a third partybeneficiary who is entitled not to coverage but to the proceeds ofcoverage to which Turner is entitled. To succeed on that claim,Countywide must point to evidence that Turner directly intended tobenefit Countywide in respect to a duty Turner owed Countywide. Trinova.
 {¶ 17} Turner agreed to maintain insurance coverage for Countywide'sbenefit, to protect its security interest in her automobile. It may be,as the trial court stated, a sensible and reasonable extension of theright to the policy proceeds that Turner assigned to Countywide to findthat she likewise conferred on Countywide the right of prior notice ofcancellation that the policy confers on Turner. However, third-partybeneficiary claims require evidence of a promisee's intent directly tobenefit the third party with respect to a particular right. Unlike theassignment of the right to proceeds, there is no evidence that Turnerdirectly intended to confer a right to prior notice of cancellation onCountywide. The limit of the benefit she intended to confer, as gleanedfrom the four corners of the contract, is only a right to the proceeds ofthe property loss coverage the policy provides. Neither did Safe Autoassume a duty to provide notice to anyone other than Turner.
 {¶ 18} We find that the Safe Auto policy by its terms confers no rightto prior notice of cancellation on Countywide. Therefore, Safe Auto hadno duty to provide Countywide with notice before it canceled Turner'spolicy for non-payment of premium. The trial court erred when it foundthat Safe Auto was subject to that duty, such that its failure todischarge the duty entitles Countywide to the proceeds of the propertyloss coverage the canceled policy provided to Turner and which sheassigned to Countywide.
 {¶ 19} Our holding that no duty to provide notice to Countywide wasimposed on Safe Auto by its contract with Turner is based on the terms ofthe policy and principles of contract law. We do not find that Countywidehad no interest that a right of prior notice legitimately could protect.Indeed, if an insurer in Safe Auto's position is made aware by alienholder that it has a security interest in the property insured, andthe insurer acknowledges the lien, as Safe Auto did, then prior notice ofcancellation ought to be possible. We encourage the General Assembly toconsider amending R.C. 3937.32 to require that prior notice ofcancellation be sent to lienholders of which the insurer is aware, aswell as to insureds.
 {¶ 20} Safe Auto's assignment of error is sustained. The summaryjudgment for Countywide will be reversed and the cause remanded to thetrial court to enter summary judgment for Safe Auto on its motion.
 Brogan, J. and Young, J., concur.